IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PRISCILLA VASQUEZ AND ALBERT VASQUEZ | § § § § § § § § § § § § | |
| | § | CIVIL ACTION NO._____ |
| Plaintiffs, | § | |
| v. | § | |
| HOMESITE INSURANCE COMPANY | § § § | On removal from the County Civil Court at Law No. 10 of Hidalgo County, Texas |
| Defendant. | § | Cause No. CL-24-1052-J |

**DEFENDANT, HOMESITE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant, Homesite Insurance Company ("Homesite"), files this Notice of Removal of this action from the County Civil Court at Law No. 10 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.[1] In support of this removal, Homesite states as follows:

**INTRODUCTION**

1. Homesite issued a Texas Homeowners' Insurance Policy to Priscilla and Albert Vasquez ("Plaintiffs"). Plaintiffs own the insured property, located at 4806 June Dr, Edinburg, Texas 78539 ("the Property"). Plaintiffs allege damage due to a windstorm which caused leaks in the house on or about April 28, 2023. Plaintiffs submitted a claim to Homesite against the policy for damages to the Property as a result of the incident.

2. On March 5, 2024, Plaintiffs filed suit against Homesite in the County Civil Court at Law No. 10 of Hidalgo County, Cause No. CL-24-1052-J, styled *Priscilla Vasquez and Albert*

---

[1] Homesite files this Notice of Removal without waiver of any claims or defenses including, but not limited to, any objection to this Court's assertion of personal jurisdiction over Homesite in this matter. *See, e.g., Alliantgroup, L.P. v. Feingold,* No. H- 90-0479, 2009 WL 1109093, at *6 (S.D. Tex. April 24, 2009) (personal jurisdiction objection may be raised after removal).

1

*Vasquez v. Homesite Insurance Company.* (EXHIBIT B). Plaintiffs served Homesite with the petition on or about March 20, 2024 via certified mail. *Id.* Plaintiffs' Original Petition alleges breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), fraud, conspiracy to commit fraud, and breach of the duty of good faith and fair dealing against Homesite. *Id.* Plaintiffs request monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. *Id.* On April 1, 2024, Homesite filed an answer and jury demand. (EXHIBIT C).

3. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiffs reside in Texas and are citizens of the State of Texas. (EXHIBIT B). Homesite is a citizen of Wisconsin. (EXHIBIT D). Therefore, Plaintiffs are diverse in citizenship from Homesite.

4. Regarding the amount in controversy, Plaintiffs' petition seeks to recover monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. (EXHIBIT B). Plaintiffs' pre-suit demand letter alleges the specific amount alleged to be owed in the amount of $192,000.00. (EXHIBIT E). Thus, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

## BASIS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court in that there is complete diversity of citizenship between Plaintiffs and Homesite and the amount in controversy exceeds $75,000.

**A.   Complete Diversity of Citizenship Exists Between Plaintiffs and Homesite.**

6. Plaintiffs reside in Hidalgo County, Texas, rendering them citizens of the State of Texas. (EXHIBIT B). Homesite is a Wisconsin company authorized to engage in the insurance

business in Texas, rendering it a citizen of the State of Wisconsin pursuant to 28 U.S.C. § 1332 (c)(1). (EXHIBIT D).

**B.      Plaintiffs Request an Amount in Excess of the Jurisdictional Minimum.**

7.      In addition to the citizenship requirements, 28 U.S.C. § 1332(a) provides that the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…."

8.      Plaintiffs' Original Petition alleges damages of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. (EXHIBIT B). Plaintiffs' pre-suit demand alleges that the specified amount alleged to be owed is $192,000.00. (EXHIBIT E). Therefore, the amount in controversy is greater than $75,000.

**C.      All Other Requirements for Removal Have Been Satisfied.**

9.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(e) of the Federal Rules of Civil Procedure because it is filed within thirty days of the date on which Homesite was served with the Petition by certified mail. (EXHIBIT B). Through the filing of this Notice of Removal, Homesite expressly reserves, and does not waive, any defenses relating to service of process including, but not limited to, insufficient process or insufficient service of process. *See Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072849, No. 4:11CV674, at *1 (E.D. Tex. Mar. 29, 2012) (defense of improper service is not waived through filing of notice of removal).

10.     Homesite has sought no similar relief with respect to this matter.

11.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the County Clerk of Hidalgo County, Texas.

14. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

15. In accordance with 28 U.S.C. § 1446, Homesite attaches the following documents as exhibits:

   i. Civil Cover Sheet;
   ii. Index of Matters Being Filed (EXHIBIT A);
   iii. Citation of Service on Homesite Insurance Company and Plaintiffs' Original Petition (EXHIBIT B);
   iv. Defendant's Original Answer and Notice of Application for Jury Trial (EXHIBIT C);
   v. Company Summary from the National Association of Insurance Commissioners; (EXHIBIT D);
   vi. Plaintiffs' Pre-suit Demand Letter and Estimate (EXHIBIT E);
   vii. Docket Sheet (EXHIBIT F); and
   viii. List of counsel of record and certificate of interested parties (EXHIBIT G) (there have been no orders signed by the state court judge).

16. The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Southern District of Texas, and this cause is removable to the United States District Court for the Southern District of Texas.

17. The undersigned represents Homesite in this matter.

4

18. If any questions arise regarding the propriety of the removal of this action, Homesite requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

    Respectfully submitted,

    **THE HUDGINS LAW FIRM, P.C.**

By:   */s/ Steven F. Hudgins*
    Steven F. Hudgins
    Attorney in Charge
    State Bar Number 00793993
    Southern District Bar No. 19623
    24 Greenway Plaza, Suite 2000
    Houston, Texas 77046
    Telephone (713) 623-2550
    Facsimile (713) 623-2793
    shudgins@hudgins-law.com

    **ATTORNEY FOR DEFENDANT,**
    **HOMESITE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Southern District of Texas, I certify that service of Defendant Homesite Insurance Company's Notice of Removal on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on the 17th of April 2024.

                                                s/ *Steven F. Hudgins*_____
                                                Steven F. Hudgins